## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## CENTRAL DIVISION

**DAVID BROWN, et al.**                                                           **PLAINTIFFS**

**v.**                               **Case No. 4:19-CV-617-LPR**

**TRINITY PROPERTY**
**MANAGEMENT, LLC, et al.**                                                   **DEFENDANTS**

## <u>ORDER</u>

Plaintiffs filed this collective action under the Fair Labor Standards Act and the Arkansas Minimum Wage Act.[1]  The parties settled the claims in this case and filed a Joint Stipulation of Dismissal.[2]  The Joint Stipulation left open the potential for Plaintiffs to petition the Court for costs and attorneys' fees.[3]  Plaintiffs' Motion for Costs and Attorneys' Fees and Related Request for Hearing is now before the Court.[4]  Plaintiffs seek $1,535.75 in costs and $43,766.40 in attorneys' fees.[5]  The Motion is GRANTED in part and DENIED in part.  For the reasons discussed below, the Court awards Plaintiffs $661.15 in costs and $15,587.50 in attorneys' fees.

## BACKGROUND

Named Plaintiffs David Brown, Tara Crow, Mario Foy, Denise Scott, Don Harris, Ashley Moore, and Timothy Green filed this lawsuit alleging that Trinity Properties, LLC violated the FLSA and AMWA by failing to pay "a proper minimum wage" and failing to pay proper "overtime compensation for hours" worked in excess of forty hours per week.[6]  Before Defendants filed an

---

[1] Compl. (Doc. 1) at 1; First Am. & Substituted Compl. (Doc. 2) at 1.

[2] Joint Notice of Liability Settlement (Doc. 69); Joint Stipulation of Dismissal (Doc. 71).

[3] Joint Stipulation of Dismissal (Doc. 71) ¶ 6.

[4] Pls.' Mot. for Costs and Att'ys' Fees & Related Req. for Hr'g (Doc. 72).

[5] *Id.* ¶¶ 5–6.

[6] Compl. (Doc. 1) ¶ 1.

Answer, Plaintiffs filed a First Amended and Substituted Complaint for the sole purpose of substituting Defendants Trinity Property Management, LLC, Tri 5 Jacksonville, LLC, and Andmark Chapel Ridge of Conway, LLC, in place of Trinity Properties, LLC.[7]  Defendants then filed an Answer.[8]  Shortly thereafter, four plaintiffs filed consents to join the case.[9]

On November 13, 2019, Plaintiffs moved to certify a collective action.[10]  Defendants opposed that Motion, and Plaintiffs replied.[11]  The Court granted Plaintiffs' Motion in part.[12]  The Court conditionally certified two collectives—one for all hourly office personnel and another for all hourly maintenance personnel.[13]  Both collectives were narrower in geographic and temporal scope than was the collective requested by Plaintiffs.[14]  The Court also required Plaintiffs to make several revisions to their proposed Notice of Right to Join Lawsuit, Consent to Join Collective Action, and Reminder Postcard.[15]  After Plaintiffs made the ordered revisions, the Court approved these documents.[16]  Plaintiffs then sent notices to potential members of the collectives.  After the notices were sent out, eighteen plaintiffs opted-in to the lawsuit.[17]

---

[7] First Am. & Substituted Compl. (Doc. 2) ¶ 1.

[8] Answer (Doc. 5).

[9] Consent to Join Delfred McLennan (Doc. 6); Consent to Join Richard Burton (Doc. 10); Consent to Join Titos Williams (Doc. 11); Consent to Join Garyling Childress (Doc. 12).

[10] Mot. for Conditional Certification (Doc. 13); Pls.' Br. in Supp. of Mot. for Conditional Certification (Doc. 14).

[11] Defs.' Resp. in Opp'n to Pls.' Mot. for Conditional Certification (Doc. 17); Pls.' Reply in Supp. of Mot. for Conditional Certification (Doc. 18).

[12] Am. Order (Doc. 20).

[13] *Id.* at 8.

[14] *Id.*

[15] *Id.* at 9–14.

[16] *See* Pls.' Revised Notice, Consent, and Reminder (Doc. 21); Order (Doc. 23) (approving documents subject to several minor changes).

[17] Consents to Join Louis Charlton, III, Gary Cox, and Wayne Frazier (Doc. 24); Consents to Join Don Harris and Anthony Holden, Sr. (Doc. 25); Consents to Join Jameel Williams and Rose Thompson (Doc. 28); Consent to Join Timothy Simmons (Doc. 29); Consent to Join Steven O'Neal, Jr. (Doc. 32); Consent to Join Robert Bradley (Doc. 33); Consent to Join Sheree Jones (Doc. 34); Consent to Join William Fason (Doc. 35); Ex. 1 (Consent to Join Marsha Womack) to Notice of Non-Conforming Consent to Join (Doc. 36-1); Consents to Join Joanquin Montes, Katelynn Dawson, Stephen Tucker, and Marilyn Moody (Doc. 37); Consent to Join Chad Bolin (Doc. 40).  It is not clear if the

After a meet and confer, the parties filed a Rule 26(f) Report on January 17, 2020.[18]  The parties engaged in written discovery.  This included initial disclosures, written interrogatories, and requests for production of documents.[19]  No depositions were taken.[20]  Then, on July 24, 2020, Defendants moved to decertify the collectives.[21]  Plaintiffs did not oppose Defendants' decertification motion.[22]  The Court granted Defendants' decertification motion and dismissed the opt-in plaintiffs from the case.[23]  The parties then jointly requested that the case be referred to a magistrate judge for a mediated settlement conference.[24]  The Court granted that request and referred the case to Magistrate Judge Kearney.[25]  But the parties' mediated settlement conference proved unsuccessful.[26]

At that point, it seemed the case would go to trial.  The parties submitted pretrial

---

Don Harris who filed a Consent to Join is the same Don Harris who is a named Plaintiff.  *See* Consents to Join Don Harris and Anthony Holden, Sr. (Doc. 25); First Am. and Substituted Compl. (Doc. 2) at 1.

[18] Rule 26(f) Report (Doc. 30).

[19] Ex. 2 (Sanford Decl.) to Pls.' Mot. for Costs and Att'ys' Fees & Related Req. for Hr'g (Doc. 72-2) ¶ 40.

[20] *See id.*

[21] Defs.' Mot. to Decertify Collective Action Classes (Doc. 43).

[22] Pls.' Resp. to Defs.' Mot. to Decertify Collective Action Classes (Doc. 46) at 1.

[23] Order (Doc. 49).  The Court is unclear on the status of one "Plaintiff," Marilyn Moody.  Ms. Moody was not a named Plaintiff in the original Complaint or the Amended Complaint. *See* Compl. (Doc. 1); First Am. & Substituted Compl. (Doc. 2).  The first time Ms. Moody came up in this case was when SLF filed her Consent to Join on February 24, 2020.  *See* Consents to Join Joanquin Montes, Katelynn Dawson, Stephen Tucker, and Marilyn Moody (Doc. 37).  At that point, she (temporarily) became an opt-in Plaintiff.  But when the Court granted Defendants' Motion to Decertify Collective Action Classes, the Court explicitly dismissed all of the opt-in Plaintiffs from the case.  Order (Doc. 49).  Plaintiffs never filed an amended complaint to add Ms. Moody as a named plaintiff.  She did not appear as a named Plaintiff on any document until the parties filed their Joint Stipulation of Dismissal.  (Doc. 71).  And the only document Ms. Moody has appeared on as a named Plaintiff since that filing is Ms. Rhéaume's Motion to Withdraw.  (Doc. 80).  It's not clear to the Court why Ms. Moody has made an appearance as a named Plaintiff in these two documents but no others.  In any event, Defendants have not raised any issue with it.  Indeed, Defendants have seemed to go along with it, stating that they settled with the "eight (8) remaining Plaintiffs."  Defs.' Resp. to Pls.' Mot. for Costs and Att'ys' Fees (Doc. 74) at 2.  There would only be "eight" plaintiffs if Defendants are counting Ms. Moody as a plaintiff with whom they have settled.

[24] Joint Mot. for Referral to Magistrate Judge for Settlement Conference (Doc. 50).

[25] Order (Doc. 52).

[26] Clerk's Mins. (Doc. 54).

3

disclosures, proposed findings of fact and conclusions of law, and trial briefs.[27]  But five days before trial, the parties notified the Court that they had reached a settlement "in principle."[28]  And on February 18, 2022, the parties filed a Joint Stipulation of Dismissal that resolved all of Plaintiffs' claims.[29]

In their pre-trial filings, Plaintiffs asserted that they were collectively entitled to $42,651.86 in damages.[30]  Ultimately, however, the Plaintiffs agreed to dismiss their claims in exchange for a total sum of $13,669.37.[31]  Neither the settlement nor the Joint Stipulation of Dismissal resolved the costs and attorneys' fees issues.[32]

Plaintiffs' counsel, Sanford Law Firm (SLF), has now filed the instant Motion for Costs and Attorneys' Fees.[33]  SLF seeks $1,535.75 in costs and $43,766.40 in attorneys' fees for its work performed on this case.[34]  Defendants object to both of SLF's requests.[35]  SLF's costs request includes a $400 filing fee, a $255 service of process fee, $6.15 for postage, $308.20 for attorney travel for trial, and $566.40 for attorney lodging for trial.[36]  Defendants argue that they should not have to pay for SLF's "travel and lodging expenses . . . to attend trial" because SLF has attorneys

---

[27] Defs.' Pretrial Disclosure Sheet (Doc. 56); Pls.' Pretrial Disclosure Sheet (Doc. 57); Pls.' Proposed Findings of Fact & Conclusions of Law (Doc. 58); Defs.' Proposed Findings of Fact & Conclusions of Law (Doc. 60); Pls.' Trial Br. (Doc. 59); Defs.' Trial Br. (Doc. 61).

[28] Joint Notice of Liability Settlement (Doc. 69) at 1.

[29] Joint Stipulation of Dismissal (Doc. 71).

[30] Pls.' Proposed Findings of Fact & Conclusions of Law (Doc. 58) ¶¶ 78–84.  Plaintiffs' damages calculations included actual compensation allegedly unlawfully withheld plus an equal amount in liquidated damages.  *Id.; see* 29 U.S.C. § 216(b) ("Any employer who violates the provisions of section 206 or section 207 of this title shall be liable to the . . . employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, . . . and in an additional equal amount as liquidated damages.").

[31] *See* Defs.' Resp. to Pls.' Mot. for Costs and Att'ys' Fees (Doc. 74) at 2.

[32] Joint Stipulation of Dismissal (Doc. 71) ¶¶ 6–7.

[33] Pls.' Mot. for Costs and Att'ys' Fees & Related Req. for Hr'g (Doc. 72).

[34] *Id.* ¶¶ 5–6.

[35] Defs.' Resp. to Pls.' Mot. for Costs and Att'ys' Fees (Doc. 74).

[36] Ex. 3 (Matter Expense Report) to Pls.' Mot. for Costs and Att'ys' Fees & Related Req. for Hr'g (Doc. 72-3).

in Little Rock, Arkansas, where the trial would have taken place.[37]  Defendants do not specifically object to SLF's other requested costs.[38]  As to fees, Defendants argue that (1) SLF's request is excessive because this case mirrors two others brought by SLF on behalf of other plaintiffs,[39] (2) a 40% contingency fee based on the settlement amount in this case would only be $5,467.75, (3) SLF's requested hourly rates are too high, and (4) SLF's requested time is unreasonable.[40]

SLF relied on the lodestar method—which multiplies the number of hours reasonably expended on litigation by a reasonable hourly rate—to calculate the fees to which SLF claims it is entitled.  SLF claims time billed by three attorneys, a paralegal, and a law clerk.[41]  For hourly rates, SLF requests $383 for Josh Sanford; $230 for April Rhéaume; $190 for Rebecca Matlock; $100 for Paralegal; and $75 for Law Clerk.[42]  The table below summarizes the total and per-biller hours claimed for each billing category, as well as the total amount of fees requested for each billing category.[43]

---

[37] Defs.' Resp. to Pls.' Mot. for Costs and Att'ys' Fees (Doc. 74) at 12.

[38] *See id.*

[39] Those two cases are *Huey v. Trinity Prop. Mgmt., LLC*, No. 4:20-CV-00685-LPR and *Bolin v. Trinity Prop. Mgmt., LLC*, No. 4:20-CV-00885-LPR.

[40] Defs.' Resp. to Pls.' Mot. for Costs and Att'ys' Fees (Doc. 74) at 2–11.

[41] Pls.' Br. in Supp. of Mot. for Costs & Att'ys' Fees & Related Req. for Hr'g (Doc. 73) at 10.

[42] *Id.*

[43] *Id.* at 7; *see* Ex. 1 (Billing Spreadsheet) to Pls.' Mot. for Costs & Att'ys' Fees & Related Req. for Hr'g (Doc. 72-1) [hereinafter *Billing Spreadsheet*].  SLF notes that it applied reductions to its time billed before submitting its Motion. Pls.' Br. in Supp. of Mot. for Costs & Att'ys' Fees & Related Req. for Hr'g (Doc. 73) at 7–8.  SLF's self-imposed reductions have no bearing on the Court's calculation of an appropriate attorneys' fee award in this case.  *See Wolfe v. Affordable Rooter Serv., LLC*, No. 4:20-CV-00156-LPR, 2022 WL 2352364, at *2 n.21 (E.D. Ark. Mar. 30, 2022) (stating that a lawyer's self-imposed reductions are not considered in attorneys' fees calculations because "it is the duty of the requesting party to make a good faith effort to exclude hours that are excessive, redundant, or otherwise unnecessary" (quoting *Oden v. Shane Smith Enters., Inc.*, 27 F.4th 631, 634 (8th Cir. 2022))).

| Category | Sanford Hours | Rhéaume Hours | Matlock Hours | Paralegal Hours | Law Clerk Hours | Total Hours Claimed | Total Fees Claimed |
|---|---|---|---|---|---|---|---|
| Case Management | 1.6 | 4.7 | 0 | 1.3 | 0.9 | 8.5 | $1,891.30 |
| Client Communication | 2.0 | 29.8 | 0 | 9.1 | 0.3 | 41.2 | $8,552.50 |
| Collective Management | 2.1 | 3.7 | 0 | 0 | 0 | 5.8 | $1,655.30 |
| Complaint/ Summons/Service | 1.3 | 12.2 | 0 | 0 | 0 | 13.5 | $3,303.90 |
| Conditional Certification | 1.5 | 12.3 | 2.3 | 0 | 0 | 16.1 | $3,840.50 |
| Court Communication | 0.6 | 0.9 | 0 | 0 | 0 | 1.5 | $436.80 |
| Damages Calculations | 0 | 6.8 | 0 | 0 | 0 | 6.8 | $1,564.00 |
| Discovery-Related Work | 0.7 | 16.1 | 0 | 2.9 | 1.6 | 21.3 | $4,381.10 |
| In-House Communication | 7.8 | 6.0 | 0 | 0 | 0 | 13.8 | $4,367.40 |
| Opposing Counsel Contact | 2.4 | 5.9 | 0 | 0 | 0 | 8.3 | $2,276.20 |
| Settlement-Related Work | 0.1 | 20.3 | 0 | 0.7 | 0 | 21.1 | $4,777.30 |
| Trial Preparation | 1.2 | 26.1 | 0 | 1.6 | 1.3 | 30.2 | $6,720.10 |
| Total | 21.3 | 144.8 | 2.3 | 15.6 | 4.1 | 188.1 | $43,766.40 |

While SLF claims 168.4 attorney hours, Defendants argue that only 43.3 attorney hours were reasonably expended.[44]   While SLF claims 15.6 paralegal hours and 4.1 law clerk hours, Defendants argue that only 1.3 paralegal hours and 3.8 law clerk hours were reasonably expended.[45]

## DISCUSSION

Under the FLSA, a court "shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action."[46] To determine a reasonable fee award, the Eighth Circuit directs district courts to use the lodestar method wherein the number of hours reasonably expended on litigation is multiplied by a reasonable hourly rate.[47]   The court should reduce the lodestar to "exclude hours that were not

---

[44] Pls.' Br. in Supp. of Mot. for Costs & Att'ys' Fees & Related Req. for Hr'g (Doc. 73) at 10; Defs.' Resp. to Pls.' Mot. for Costs and Att'ys' Fees (Doc. 74) at 7.

[45] Pls.' Br. in Supp. of Mot. for Costs & Att'ys' Fees & Related Req. for Hr'g (Doc. 73) at 10; Defs.' Resp. to Pls.' Mot. for Costs and Att'ys' Fees (Doc. 74) at 7.

[46] 29 U.S.C. § 216(b).

[47] *Vines v. Welspun Pipes Inc.*, 9 F.4th 849, 855 (8th Cir. 2021).  Defendants suggest that the Court should employ the "percentage of the benefit approach" to calculate reasonable attorneys' fees in this case.  Defs.' Resp. to Pls.' Mot. for Costs and Att'ys' Fees (Doc. 74) at 2–3.  Defendants do not, however, provide any particular reason why that approach is superior to the lodestar approach in this case.  The Court has discretion "to choose which method to apply" in calculating attorneys' fees.  *In re Life Time Fitness, Inc., Telephone Consumer Protection Act (TCPA) Litig.*, 847 F.3d

reasonably expended from its calculations."[48]    The resulting product of the multiplication calculation serves as the lodestar—a starting point that may be adjusted "upward or downward on the basis of the results obtained."[49]

## I.    Reasonable Costs

As noted above, the FLSA provides that a court "shall . . . allow . . . costs of the action" to be recouped by a prevailing plaintiff.[50]    SLF seeks $1,535.75 in costs.[51]    Defendants object to SLF's requested costs for attorney travel and lodging for trial ($874.60).    And SLF (which is headquartered in Little Rock) has provided no explanation for why this case required an out-of-town attorney to travel to Little Rock for trial.    The Court agrees with Defendants that the travel and lodging costs are unreasonable.    As to the remaining costs requested, Defendants do not raise any specific objection.    After reviewing the remaining costs requested by SLF, the Court concludes that they are reasonable.    SLF is thus awarded $661.15 in costs.

## II.    Reasonable Hourly Rates

"As a general rule, a reasonable hourly rate is the prevailing market rate, that is, 'the

---

619, 622 (8th Cir. 2017) (citation omitted).    In line with this Court's prior cases, the Court will utilize the lodestar approach.    *See, e.g.*, *Wolfe*, 2022 WL 2352364.

[48] *Vines*, 9 F.4th at 855 (quoting *Childress v. Fox Assocs., LLC*, 932 F.3d 1165, 1172 (8th Cir. 2019)).

[49] *Dean v. Bradford Ests., LLC*, No. 4:19-CV-00748-BSM, 2020 WL 8642227, at *1 (E.D. Ark. Nov. 24, 2020) (quoting *Wheeler v. Mo. Highway & Transp. Comm'n*, 348 F.3d 744, 754 (8th Cir. 2003)).    A court may also consider the factors identified in *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714, 717–19 (5th Cir. 1974).    *See Vines*, 9 F.4th at 855.    The *Johnson* factors include: "(1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the 'undesirability' of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases."    *Hensley v. Eckerhart*, 461 U.S. 424, 429–30 & 430 n.3 (1983) (citing *Johnson*, 488 F.2d at 717–19).

[50] 29 U.S.C. § 216(b).

[51] Pls.' Mot. for Costs and Att'ys' Fees & Related Req. for Hr'g (Doc. 72) ¶ 6.

ordinary rate for similar work in the community where the case has been litigated.'"[52]  In this case, the requested hourly rates for the attorneys and law clerk exceed the prevailing market rate.  As noted in previous orders, judges in the Eastern and Western Districts of Arkansas routinely reject as unreasonable hourly rates of $300+ for Mr. Sanford and $200+ for more junior attorneys.[53]  Based on its experience and knowledge of the local market and this District's precedent, the Court finds the following hourly rates to be reasonable: $250 for Mr. Sanford; $150 for Ms. Rhéaume and Ms. Matlock; $100 for any Paralegal; and $25 for any Law Clerk.[54]

## III.   Reasonable Time Expended

After a careful, line-by-line review of SLF's requested time, the Court concludes that only the following hours billed by each SLF biller were reasonably expended.[55]

### A.   Mr. Sanford

Mr. Sanford claims 21.3 hours of work on this case.  Defendants argue that only 2.6 of Mr. Sanford's hours were reasonably expended.[56]  For the reasons that follow, the Court concludes that 11.6 of Mr. Sanford's billed hours can reasonably be included in the lodestar calculation.[57]

---

[52] *Beauford v. ActionLink, LLC*, No. 4:12-CV-00139-JLH, 2014 WL 183904, at *3 (E.D. Ark. Jan. 15, 2014) (quoting *Moysis v. DTG Datanet*, 278 F.3d 819, 828 (8th Cir. 2002)).

[53] *See Wolfe*, 2022 WL 2352364, at *3 n.31 (collecting cases).

[54] *Bryan v. Mississippi County*, No. 3:18-CV-00130-DPM, 2020 WL 9048650, at *2 (E.D. Ark. May 12, 2020) (reducing the hourly rate for law clerks to $25); *Murdock v. McNair*, No. 5:17-CV-05225, 2018 WL 6314569, at *2 (W.D. Ark. Dec. 3, 2018) (same); *Bonds v. Langston Cos., Inc.*, No. 3:18-CV-00189-LPR, 2021 WL 4130508, at *3 (E.D. Ark. Sept. 9, 2021) (finding that a reasonable hourly rate for Mr. Sanford is $250 and for Ms. Rhéaume is $150); *Skender v. Eden Isle Corp.*, No. 4:20-CV-00054-BRW, 2021 WL 2964991, at *4 (E.D. Ark. July 14, 2021) (finding that a reasonable hourly rate for Ms. Rhéaume and Ms. Matlock is $150).

[55] Although Defendants argue that this case should have been brought jointly with the two related cases, *see supra* note 39 and accompanying text, the Court will evaluate the time entries for this case independent of the two other arguably related cases.  Defendants have not pointed to any authority that requires separate plaintiffs to bring a joint lawsuit simply because they share a common theory of recovery and are suing the same defendant.  Plaintiffs were free to formulate their litigation strategy as they saw fit, including filing their own lawsuit.  Moreover, Defendants never requested to consolidate the three cases.

[56] Defs.' Resp. to Pls.' Mot. for Costs and Att'ys' Fees (Doc. 74) at 7.

[57] This includes 0.8 hours for case management; 1.6 hours for collective management; 0.6 hours for complaint/summons/service; 1 hour for conditional certification; 0.5 hours for discovery-related work; 3.5 hours for in-house communication; 2.4 hours for opposing counsel contact; and 1.2 hours for trial preparation.

### 1. Case Management

Mr. Sanford claims 1.6 hours for "case management," which includes "reviewing orders related to scheduling, filing case documents, processing filed documents, contact with the clerk's office, and other miscellaneous work that does not fit well into any other category . . . ."[58]  After reviewing the time entries, the Court makes several reductions.  First, 0.1 hours claimed in this category are excluded because they are defined with a redacted description.[59]  Without a complete description, the Court has no way to assess the reasonableness of the time claimed.[60]  Second, 0.5 hours are claimed for vaguely defined tasks.[61]  Vague descriptions leave the Court with no way to assess the reasonableness of the time billed.[62]  Third, 0.1 hours are billed for a non-compensable clerical task.[63]  Finally, 0.1 hours are duplicative of time claimed by Ms. Rhéaume.[64]  Duplicative entries are not reasonable.  After accounting for these reductions, the Court finds that Mr. Sanford can reasonably claim only 0.8 hours for "case management."

### 2. Client Communication

Mr. Sanford claims 2 hours for "client communication."[65]  Defendants object to SLF's

---

[58] Ex. 2 (Sanford Decl.) to Pls.' Mot. for Costs and Att'ys' Fees & Related Req. for Hr'g (Doc. 72-2) ¶ 43.

[59] *Billing Spreadsheet* at 12.

[60] SLF may, if it chooses, file a motion for reconsideration with unredacted descriptions (filed *ex parte* and under seal) for its time spent.  If it does so, the Court will re-evaluate the relevant entry or entries.  *See Wheeler*, 348 F.3d at 754 ("The onus is on the party seeking the award to provide evidence of the hours worked and the rate claimed.").  This invitation applies to all entries redacted for reasons of privilege.

[61] *Billing Spreadsheet* at 7–8, 11, 15.  For example, Mr. Sanford billed for "[e]xamination of text order" on July 1, 2020.  *Id.* at 15.  That tells the Court essentially nothing.

[62] SLF may, if it chooses, file a motion for reconsideration with adequate descriptions for the time entries the Court deems vague.  If it does so, the Court will re-evaluate the relevant entries.  *See Wheeler*, 348 F.3d at 754 ("The onus is on the party seeking the award to provide evidence of the hours worked and the rate claimed.").  This invitation applies to all entries found to be "vague" in this Order.

[63] The clerical task Mr. Sanford billed for was "[r]eceive and open firm file" on April 16, 2019.  *Billing Spreadsheet* at 1.

[64] The duplicative entry was billed on January 21, 2020, for "[e]xamination of FSO."  *Id.* at 9.  Ms. Rhéaume billed on the same day for "[r]eceipt and review of FSO."  *Id.*  These entries seem duplicative.

[65] *Id.* at 1, 4, 7–13, 15, 22, 27.

"client communication" time claimed, stating that "[m]any of the contacts with the Plaintiffs could have been done by an email or a text message or by a secretary."[66]  After reviewing the time entries, several reductions are warranted.  First, 0.4 hours are accounted for with redacted descriptions.[67]  Second, 1.5 of the hours are accompanied by vague descriptions.[68]  The redacted and vague entries are excluded.  The remaining 0.1 hours claimed are for a conference with an individual identified by initials that do not match anyone who claims time for work on this case.[69]  The Court is unable to assess the reasonableness of time spent communicating with unknown persons.  Accordingly, the Court excludes all of the time claimed by Mr. Sanford for "client communication."

### 3.  Collective Management

Mr. Sanford claims 2.1 hours for "collective management."[70]  The Court has reviewed Mr. Sanford's "collective management" entries carefully.  The description for 0.1 of the hours is vague.[71]  That time is excluded.  Another 0.4 hours are duplicative of other time claimed by Mr. Sanford or Ms. Rhéaume.[72]  These hours are also excluded.  After accounting for these reductions, the Court finds that Mr. Sanford can reasonably claim only 1.6 hours for "collective management."

---

[66] Defs.' Resp. to Pls.' Mot. for Costs and Att'ys' Fees (Doc. 74) at 4.

[67] *Billing Spreadsheet* at 8–9, 13.

[68] *Id.* at 4, 7–12, 15, 22, 27.  For example, Mr. Sanford billed 0.1 hours on October 8, 2021, for "[e]xamination of client email."  *Id.* at 27.

[69] This conference was "with AS" and was billed on August 27, 2019.  *Id.* at 1.

[70] *Id.* at 4, 6–7, 9, 19.

[71] The vague entry was for "[e]xamination of 2 new CTJs in mail" on January 17, 2020.  *Id.* at 9.  Numerous individuals submitted consents to join in this case.  *See supra* notes 9 & 17.  And there may be people who considered filing consents to join but ended up not doing so.  The January 17, 2020 entry does not indicate which individual's consent to join constituted the work for which Mr. Sanford claims time.  Without that information, the Court is unable to assess the reasonableness of the time claimed.

[72] Mr. Sanford claimed time twice on December 27, 2019, for "[w]ork on client's file: class notice."  *Billing Spreadsheet* at 7.  And on January 27, 2020, Mr. Sanford and Ms. Rhéaume both claimed time for work on Robert Bradley's Consent to Join.  *Id.* at 9.

### 4. Complaint/Summons/Service

Mr. Sanford claims 1.3 hours for "complaint/summons/service," which includes "conducting preliminary investigations, drafting the initial Complaint . . . and doing the work involved in getting the case filed and served, including conferences with process servers and staff, as well as reviewing the Answer."[73]  Defendants object to SLF's "complaint/summons/service" time as "inflated," "redundant, or unnecessary."[74]  The Court partially agrees with Defendants and makes two reductions.  First, the Court excludes 0.1 hours spent examining the Complaint after SLF filed it.[75]  Defendants cannot be expected to shoulder the costs of SLF attorneys "examining" documents SLF had previously filed.  Additionally, to account for the excessiveness of the overall time claimed in this category by SLF (13.5 hours), the Court imposes a 50% reduction on the "complaint/summons/service" time claimed by all SLF billers.  SLF has extensive experience litigating FLSA cases like this one and the complaints in this case bear significant similarities to complaints SLF has filed in other FLSA cases.  Accordingly, the Court finds that Mr. Sanford can claim only 0.6 hours for "complaint/summons/service."

### 5. Conditional Certification

Mr. Sanford claims 1.5 hours for "conditional certification," which includes work related to Plaintiffs' Motion for Conditional Certification.[76]  After reviewing the entries line-by-line, the Court excludes 0.1 hours spent examining the Motion after SLF filed it.[77]  Additionally, the Court excludes 0.4 hours that are duplicative of time claimed by Ms. Rhéaume.[78]  The remaining 1 hour

---

[73] Ex. 2 (Sanford Decl.) to Pls.' Mot. for Costs and Att'ys' Fees & Related Req. for Hr'g (Doc. 72-2) ¶ 35.

[74] Defs.' Resp. to Pls.' Mot. for Costs and Att'ys' Fees (Doc. 74) at 5.

[75] *Billing Spreadsheet* at 2.

[76] *Id.* at 5–6.

[77] *Id.* at 6; *see supra* Discussion Section III.A.4.

[78] Mr. Sanford billed 0.4 hours on November 26, 2019, for examining Defendants' Response to the Motion for Conditional Certification.  *Billing Spreadsheet* at 6.  Ms. Rhéaume billed for the same thing on the same day.  *Id.*

can reasonably be included in the lodestar calculation.

### 6. Court Communication

Mr. Sanford claims 0.6 hours for "court communication," which includes reviewing and composing email correspondence with chambers.[79]   The Court excludes 0.3 hours spent on corresponding with the Court regarding deadlines.[80]   Managing case deadlines is clerical in nature and is part of the firm's overhead.   It is not compensable time.[81]   The remaining 0.3 hours claimed by Mr. Sanford in this category are accompanied by vague descriptions.[82]   Those hours are excluded.   Accordingly, the Court finds that Mr. Sanford cannot reasonably claim any "court communication" time.

### 7. Discovery-Related Work

Mr. Sanford claims 0.7 hours for "discovery-related work" on this case.[83]   Defendants object to SLF's total time claimed in this category, stating that Plaintiffs' discovery responses were "boilerplate" and "thirteen . . . of [Defendants'] discovery requests all received the exact same answers."[84]   The Court agrees that SLF's total time claimed (21.3 hours) for "discovery-related work" is excessive.   To account for the excessive time claimed, the Court imposes a 1/3 reduction on all SLF billers' "discovery-related work" time claimed.   Accordingly, the Court finds that Mr.

---

[79] *Id.* at 9, 19, 22, 26, 31.

[80] *Id.* at 9, 26.   For example, Mr. Sanford billed 0.1 hours on January 21, 2020, for "[r]eceive, read and prepare response to email(s) from chambers: decert deadline." *Id.* at 9.

[81] It may be that a particular email to or from chambers is not clerical work, but SLF provides no detail to support such a conclusion.   SLF may, if it chooses, file a motion for reconsideration with more detailed descriptions.   If it does so, the Court will re-evaluate the relevant entry or entries. *See Wheeler*, 348 F.3d at 754 ("The onus is on the party seeking the award to provide evidence of the hours worked and the rate claimed.").   This invitation applies to all time claimed related to emails to and from chambers.

[82] *Billing Spreadsheet* at 19, 22, 31.   For example, Mr. Sanford's entry on February 8, 2022, is for "[r]eceive, read and prepare response to email(s) from chambers." *Id.* at 31.

[83] *Id.* at 11, 14, 18, 20.

[84] Defs.' Resp. to Pls.' Mot. for Costs and Att'ys' Fees (Doc. 74) at 5–6.

Sanford can reasonably claim only 0.5 hours for this category.[85]

### 8. In-House Communication

Mr. Sanford claims 7.8 hours for "in-house communication," which includes conferencing with other SLF attorneys about case strategy, emailing with other SLF attorneys regarding the case, and drafting and reviewing intra-office memoranda.[86]  Defendants object that they should not have to pay for SLF's "collaborative approach," which they say results in overstaffing and "[e]xcessive and unnecessary" in-house communication time entries.[87]  After reviewing the entries line-by-line, the Court excludes 3.1 hours spent on vaguely defined tasks.[88]  The Court also excludes 0.7 hours spent on non-compensable clerical tasks.[89]  Additionally, 0.5 hours are excluded because they were spent conferencing with individuals identified by initials that do not match anyone claiming time for work on this case.[90]  After accounting for these reductions, the Court concludes that only 3.5 of Mr. Sanford's "in-house communication" hours can reasonably be included in the lodestar calculation.

### 9. Opposing Counsel Contact

Mr. Sanford claims 2.4 hours for "opposing counsel contact."[91]  Defendants make no specific objection to Mr. Sanford's time claimed in this category.  After reviewing the time entries, the Court finds that all 2.4 hours can reasonably be included in the lodestar calculation.

---

[85] The Court rounds up from 0.47 to 0.5.

[86] *Billing Spreadsheet* at 1–8, 10–15, 17–19, 21–23, 26, 28, 31.

[87] Defs.' Resp. to Pls.' Mot. for Costs and Att'ys' Fees (Doc. 74) at 11.

[88] *Billing Spreadsheet* at 1–4, 6–8, 10–14, 18–19, 21.  For example, Mr. Sanford billed for "[e]xamination of IOM: case [management]" on December 21, 2020.  *Id.* at 21.

[89] *Id.* at 11, 14–15, 18, 22.  For example, Mr. Sanford billed 0.1 hours on January 11, 2021, for "[e]xamination of [i]ntra-office memo regarding case events and deadlines."  *Id.* at 22.  Managing case deadlines is clerical in nature.

[90] *Id.* at 2, 7, 10, 13, 19.  For example, Mr. Sanford billed 0.1 hours on September 11, 2019, for "[c]onference with SS: status of service."  *Id.* at 2.

[91] *Id.* at 12–14, 20, 24, 26, 28–29, 31.

### 10. Settlement-Related Work

Mr. Sanford claims 0.1 hours for "settlement-related work," which includes working on a joint motion requesting a mediated settlement conference.[92]  This time is duplicative of time billed by Ms. Rhéaume on the same day for working on the same joint motion.[93]  It is thus not compensable and is excluded from the lodestar calculation.

### 11. Trial Preparation

Mr. Sanford claims 1.2 hours for "trial preparation," which includes reviewing pre-trial disclosures and editing and reviewing trial briefs.[94]  This case did not settle until five days before the trial date.  Accordingly, the Court finds that this is a reasonable amount of time for Mr. Sanford to have spent on trial preparation.  The 1.2 hours are included in the lodestar calculation.

### B.    Ms. Rhéaume

Ms. Rhéaume claims 144.8 hours of work on this case.  Defendants argue that only 38.4 of Ms. Rhéaume's hours were reasonably expended.[95]  For the reasons that follow, the Court concludes that 80.6 of Ms. Rhéaume's billed hours can reasonably be included in the lodestar calculation.[96]

### 1.   Case Management

Ms. Rhéaume claims 4.7 hours for "case management," which includes "reviewing orders related to scheduling, filing case documents, processing filed documents, contact with the clerk's

---

[92] *Id.* at 20.

[93] *Id.*

[94] *Id.* at 22–23.

[95] Defs.' Resp. to Pls.' Mot. for Costs and Att'ys' Fees (Doc. 74) at 7.

[96] This includes 2.1 hours for case management; 0.2 hours for client communication; 3.4 hours for collective management; 6.1 hours for complaint/summons/service; 11.5 hours for conditional certification; 6.8 hours for damages calculations; 10.7 hours for discovery-related work; 2.4 hours for in-house communication; 5.9 hours for opposing counsel contact; 9.7 hours for settlement-related work; and 21.8 hours for trial preparation.

office, and other miscellaneous work that does not fit well into any other category . . . ."[97]  After reviewing the time entries line-by-line, the Court excludes 2.5 hours that were spent on non-compensable clerical tasks.[98]   The Court also excludes 0.1 hours that are accompanied by a redacted description.[99]  After accounting for these reductions, the Court finds that Ms. Rhéaume may reasonably claim only 2.1 hours for "case management."

### 2.   Client Communication

Ms. Rhéaume claims 29.8 hours for "client communication."[100]   22.3 of the hours are accounted for with redacted descriptions.[101]  Those hours are excluded.  An additional 7.3 hours are accompanied by vague descriptions.[102]  Those hours are also excluded.  After accounting for these reductions, the Court finds that the remaining 0.2 hours may reasonably be included in the lodestar calculation.

### 3.   Collective Management

Ms. Rhéaume claims 3.7 hours for "collective management."[103]  After carefully reviewing the time entries, the Court excludes 0.3 hours because they are accompanied by vague descriptions.[104]  The remaining 3.4 hours can reasonably be included in the lodestar calculation.

---

[97] Ex. 2 (Sanford Decl.) to Pls.' Mot. for Costs and Att'ys' Fees & Related Req. for Hr'g (Doc. 72-2) ¶ 43.

[98] *Billing Spreadsheet* at 3, 7, 9.  For example, Ms. Rhéaume billed 0.1 hours on January 21, 2020, for "[r]eceipt and review of correspondence from court re: date for decert hearing."  *Id.* at 9.

[99] *Id.* at 26.

[100] *Id.* at 1–11, 13–23, 25–31.

[101] *Id.* at 1–10, 13–18, 21–23, 25–31.

[102] *Id.* at 1–2, 6, 8–11, 13–15, 18–20, 22–23, 26–31.  For example, Ms. Rhéaume billed 0.1 hours on May 5, 2020, for "[r]eceipt and review of vm from client [M]oody."  *Id.* at 13.

[103] *Id.* at 3–4, 6–11, 13, 19.

[104] *Id.* at 3–4.  For example, Ms. Rhéaume billed 0.1 hours on November 1, 2019, for "[p]reparation and drafting of CTJ."  *Id.* at 4.  *See supra* note 71.

### 4.   Complaint/Summons/Service

Ms. Rhéaume claims 12.2 hours for "complaint/summons/service," which includes "conducting preliminary investigations, drafting the initial Complaint . . . and doing the work involved in getting the case filed and served, including conferences with process servers and staff, as well as reviewing the Answer."[105]   Defendants object to SLF's overall time billed to this category as "inflated."[106]   As previously noted, the Court agrees with Defendants and imposes a 50% reduction on all "complaint/summons/service" time claimed.[107]   Accordingly, the Court finds that only 6.1 of Ms. Rhéaume's "complaint/summons/service" hours may reasonably be included in the lodestar calculation.

### 5.   Conditional Certification

Ms. Rhéaume claims 12.3 hours for "conditional certification."[108]   This includes time spent drafting the Motion for Conditional Certification, the declarations in support of that Motion, and the Reply in Support of that Motion.[109]   Defendants point out that Ms. Rhéaume spent 1.1 hours on Plaintiff Don Harris's Declaration, but only 0.3 hours (at most) on the other four plaintiff declarations.[110]   Defendants argue that the Harris-Declaration entry is thus excessive, noting that all declarations in this case are of a similar quantity and quality; Plaintiffs respond that they used the Harris Declaration as a template for the other declarations.[111]   In any event, there is an antecedent problem here.  The Court cannot find a Harris Declaration on the record.  While the

---

[105] Ex. 2 (Sanford Decl.) to Pls.' Mot. for Costs and Att'ys' Fees & Related Req. for Hr'g (Doc. 72-2) ¶ 35.

[106] Defs.' Resp. to Pls.' Mot. for Costs and Att'ys' Fees (Doc. 74) at 5.

[107] *See supra* p. 11.

[108] *Billing Spreadsheet* at 3–6.

[109] *Id.*

[110] Defs.' Resp. to Pls.' Mot. for Costs and Att'ys' Fees (Doc. 74) at 6.

[111] *See* Exs. 7–11 (Plaintiff Declarations) to Pls.' Mot. for Conditional Certification (Docs. 13-7, 13-8, 13-9, 13-10, 13-11); Pls.' Reply in Supp. of Mot. for Att'ys' Fees & Related Req. for Hr'g (Doc. 81) at 10.

Court could eliminate this entry entirely, the Court instead does what the Defendants ask and reduces the Harris-Declaration entry to 0.3 hours.  After a line-by-line review of the remaining time entries, the Court finds that the remaining 11.5 hours can reasonably be included in the lodestar calculation.

### 6.   Court Communication

Ms. Rhéaume claims 0.9 hours for "court communication," which includes time spent composing emails to and reviewing emails from the Court.[112]  0.1 of the hours are accompanied by a redacted description.[113]  Those hours are excluded from the lodestar calculation.  Another 0.1 hours are accompanied by a vague description.[114]  Those hours are also excluded.  And the remaining 0.7 hours were spent on non-compensable clerical tasks.[115]  Accordingly, none of Ms. Rhéaume's "court communication" time can be included in the lodestar calculation.

### 7.   Damages Calculations

Ms. Rhéaume claims 6.8 hours for "damages calculations."[116]  Defendants "object to the excessive time[] spent on damages calculations . . . ."[117]  After reviewing the time entries line-by-line, the Court does not agree with Defendants that this time is excessive.  SLF needed to calculate damages for each Plaintiff in order to properly litigate this case.  Accordingly, the Court finds that all 6.8 hours can reasonably be included in the lodestar calculation.

---

[112] *Billing Spreadsheet* at 19–21, 25, 29.

[113] *Id.* at 21.

[114] The vague entry was on December 29, 2020, for "[c]ompose electronic communication to Court re: confidential letter."  *Id.*

[115] *Id.* at 19–21, 25, 29.  For example, Ms. Rhéaume billed 0.1 hours on October 2, 2020, for "[r]eceipt and review of correspondence from the court re: correction of date."  *Id.* at 19.

[116] *Id.* at 16, 20.

[117] Defs.' Resp. to Pls.' Mot. for Costs and Att'ys' Fees (Doc. 74) at 6.

### 8.   Discovery-Related Work

Ms. Rhéaume claims 16.1 hours for "discovery-related work."[118]  Defendants argue that SLF's total time claimed for "discovery-related work" is excessive.[119]  As noted above, the Court largely agrees with Defendants and imposes a 1/3 reduction on all SLF billers' "discovery-related work" time claimed.[120]  Accordingly, Ms. Rhéaume may reasonably claim only 10.7 hours for "discovery-related work."[121]

### 9.   In-House Communication

Ms. Rhéaume claims 6 hours for "in-house communication."[122]  This includes conferences with other SLF attorneys, writing and reviewing intra-office memoranda, and emailing with other SLF attorneys.[123]  After reviewing the time entries line-by-line, the Court makes two reductions. First, the Court excludes 3.5 hours claimed for communications with individuals identified by initials that do not match anyone who claims time for work on this case.[124]  Additionally, the Court excludes 0.1 hours because the description of those hours is redacted.[125]  The remaining 2.4 hours can reasonably be included in the lodestar calculation.

### 10. Opposing Counsel Contact

Ms. Rhéaume claims 5.9 hours for "opposing counsel contact," which includes time spent

---

[118] *Billing Spreadsheet* at 8–9, 11, 14–18, 20.

[119] Defs.' Resp. to Pls.' Mot. for Costs and Att'ys' Fees (Doc. 74) at 5–6.

[120] *See supra* pp. 12–13.

[121] The Court rounds down from 10.73 hours to 10.7 hours.

[122] *Billing Spreadsheet* at 1–4, 6–8, 10–11, 13–14, 16, 20–23, 25–30.

[123] *Id.*

[124] *Id.* at 1–4, 6, 8, 10–11, 13, 20–23, 25, 27–28, 30.  For example, Ms. Rhéaume billed 0.1 hours on October 22, 2021, for "[c]onference with MCP re: trial prep."  *Id.* at 27.  "MCP" does not match the initials of anyone who claims time for work on this case.

[125] The redacted entry occurred on November 10, 2021.  *Id.* at 29.

emailing and teleconferencing with opposing counsel throughout all stages of the case.[126] Defendants make no specific objections to Ms. Rhéaume's time claimed in this category. After a careful line-by-line review of the time entries, the Court finds that all 5.9 hours can reasonably be included in the lodestar calculation.

### 11. Settlement-Related Work

Ms. Rhéaume claims 20.3 hours for "settlement-related work."[127] Defendants object to a 5-hour entry in this category—billed for "[p]reparation and drafting of supplement to settlement letter, including revisions to calculations to produce most accurate damages calculation"—as an "example of overcharging . . . ."[128] After reviewing the time entries line-by-line, the Court makes two reductions. First, the Court excludes 1 hour because it was spent on a vaguely defined task.[129] Second, the Court imposes a 50% reduction to correct for the excessive nature of SLF's overall time claimed in this category (21.1 hours).[130] After accounting for these reductions, the Court finds that Ms. Rhéaume may reasonably claim only 9.7 hours for "settlement-related work."[131]

### 12. Trial Preparation

Ms. Rhéaume claims 26.1 hours for "trial preparation."[132] This time includes preparing

---

[126] *Id.* at 2, 7–12, 14–20, 22–24, 28–29, 31.

[127] *Id.* at 20–22, 27–31.

[128] Defs.' Resp. to Pls.' Mot. for Costs and Att'ys' Fees (Doc. 74) at 6. The entry Defendants object to occurred on January 4, 2021. *Billing Spreadsheet* at 21.

[129] The vague entry was on January 5, 2021, for "[p]reparation and drafting of re[s]ponse to court to additional questions." *Id.*

[130] In the two arguably related cases, SLF claimed 5.4 and 8.9 hours for "settlement-related work." S*ee supra* note 39 and accompanying text; *Bolin*, No. 4:20-CV-00885 (Doc. 22) at 6; *Huey*, No. 4:20-CV-00685 (Doc. 67) at 8. It is not clear (and SLF has provided no reason) why "settlement-related work" in the instant case would take so much more time than it did in *Bolin* and *Huey*. *See also Wolfe*, 2022 WL 2352364, at *6 (finding that 3.1 hours were reasonable for "settlement-related work" in a similar FLSA case).

[131] The Court rounds up from 9.65 hours to 9.7 hours.

[132] *Billing Spreadsheet* at 22–25, 27, 29.

19

Plaintiffs' pre-trial filings, reviewing Defendants' pre-trial filings, and preparing for trial.[133]  About 14.3 of the hours were spent drafting the Proposed Findings of Fact and Conclusions of Law and the Trial Brief.  Defendants argue this is "excessive."[134]  According to Defendants, the 14.3 hours spent on those two documents "should be reduced by at least 10 hours."[135]  Although the Court agrees that 14.3 hours is too many, a 10-hour reduction would be an overcorrection.   After reviewing the documents (which, together, are 22 pages), the Court finds that Ms. Rhéaume could have reasonably spent 30 minutes per page (and no more) on drafting them.[136]  Accordingly, Ms. Rhéaume's time spent on those two documents is reduced to 11 hours.[137]  Additionally, the Court excludes 1 hour claimed by Ms. Rhéaume for "trial preparation" because it is accompanied by a vague description.[138]  After accounting for these reductions, the Court finds that only 21.8 of Ms. Rhéaume's "trial preparation" hours can reasonably be included in the lodestar calculation.

### C.    Ms. Matlock

Ms. Matlock claims 2.3 hours of work on this case.[139]  Defendants do not object to Ms. Matlock's time claimed.[140]  All of her time was spent drafting Plaintiffs' Motion for Collective Action.[141]  This makes sense considering Ms. Matlock "is a member of SLF's drafting team . . .

---

[133] *Id.*

[134] Defs.' Resp. to Pls.' Mot. for Costs and Att'ys' Fees (Doc. 74) at 6.

[135] *Id.*

[136] *See* Pls.' Proposed Findings of Fact & Conclusions of Law (Doc. 58); *see also* Pls.' Trial Br. (Doc. 59).

[137] The Court does not make a similar reduction to the other SLF billers' "trial preparation" times because they do not claim time for drafting the Proposed Findings of Fact and Conclusions of Law or Trial Brief.

[138] The vague entry was for "[p]reparation for trial: trial prep with Ashley Moore" on November 9, 2021.  *Billing Spreadsheet* at 29.  This description tells the Court nothing about the nature of the trial preparation Ms. Rhéaume did with Ms. Moore.  Without that information, the Court cannot assess the reasonableness of the time.

[139] *Id.* at 4.

[140] Defs.' Resp. to Pls.' Mot. for Costs and Att'ys' Fees (Doc. 74) at 7.

[141] *Billing Spreadsheet* at 4.

."[142]  After reviewing the time entries line-by-line, the Court finds that all 2.3 hours can reasonably be included in the lodestar calculation.

### D.  Paralegal

SLF claims 15.6 paralegal hours for work on this case.  Defendants argue that only 1.3 paralegal hours were reasonably expended.[143]  For the reasons that follow, the Court concludes that 1.7 paralegal hours can be reasonably included in the lodestar calculation.[144]

#### 1.  Case Management

SLF claims 1.3 paralegal hours for "case management," which includes "reviewing orders related to scheduling, filing case documents, processing filed documents, contact with the clerk's office, and other miscellaneous work that does not fit well into any other category . . . ."[145]  The Court excludes 0.5 hours that were spent on non-compensable clerical work.[146]  The Court also excludes 0.6 hours spent drafting a Motion to Consolidate because such a motion was never filed in this case.[147]  After reviewing the time entries, the Court finds that SLF can reasonably claim the remaining 0.2 paralegal hours for "case management."

#### 2.  Client Communication

SLF claims 9.1 paralegal hours for "client communication."[148]  6.4 of these hours are accompanied by redacted descriptions.[149]  And 2.1 of the hours are accompanied by vague

---

[142] Ex. 2 (Sanford Decl.) to Pls.' Mot. for Costs and Att'ys' Fees & Related Req. for Hr'g (Doc. 72-2) ¶ 47.

[143] Defs.' Resp. to Pls.' Mot. for Costs and Att'ys' Fees (Doc. 74) at 7.

[144] This includes 0.2 hours for case management; 0.5 hours for discovery-related work; 0.3 hours for settlement-related work; and 0.7 hours for trial preparation.

[145] Ex. 2 (Sanford Decl.) to Pls.' Mot. for Costs and Att'ys' Fees & Related Req. for Hr'g (Doc. 72-2) ¶ 43.

[146] The entry for clerical work is described as "[w]ork on [c]lient's file: compile and i[n]put clients['] information into Salesforce master for future file handling" on July 14, 2020.  *Billing Spreadsheet* at 17.

[147] *Id.* at 31.

[148] *Id.* at 11–12, 17–20, 23–27, 30–31.

[149] *Id.* at 11–12, 17–20, 23–26.

descriptions.[150]  The redacted and vague hours are all excluded from the lodestar calculation.  The

remaining 0.6 hours were spent on a clerical task.[151]  They are also excluded.  Accordingly, none

of SLF's paralegal hours for "client communication" can be included in the lodestar calculation.

### 3.   Discovery-Related Work

SLF claims 2.9 paralegal hours for "discovery-related work."[152]  The Court excludes 2.1

of the hours that are accompanied by redacted descriptions.[153]  The remaining 0.8 hours are

reduced by 1/3 to account for SLF's excessive time billed for "discovery-related work."[154]

Accordingly, only 0.5 paralegal hours for "discovery-related work" can reasonably be included in

the lodestar calculation.[155]

### 4.   Settlement-Related Work

SLF claims 0.7 paralegal hours for "settlement-related work," which includes working on

the Joint Stipulation of Dismissal and revising an "Arb. Agreement."[156]  After reviewing the time

entries, the Court makes two reductions.  First, the Court excludes the 0.2 hours spent on an "Arb.

Agreement."[157]  It is not clear what "Arb. Agreement" is—if it is an arbitration agreement, the

Court does not know of any arbitration agreement that was relevant to this case.  As such, time

claimed for it cannot be reasonably included in the lodestar calculation.  The remaining 0.5

paralegal hours claimed in this category are reduced by 50% to account for SLF's excessive

---

[150] *Id.* at 20, 23–24, 26–27, 30–31.  For example, the paralegal entry on May 21, 2021, is for "[t]elephone [c]onference(s) with Don Harris re: status."  *Id.* at 26.

[151] The clerical task billed for is "[w]ork on [c]lient's file: [p]repare scheduling spreadsheet for hearing prep" on February 10, 2021.  *Id.* at 23.

[152] *Id.* at 12–14, 17–19.

[153] *Id.* at 12–13, 17–19.

[154] *See supra* pp. 12–13.

[155] The Court rounds down from 0.53 hours to 0.5 hours.

[156] *Billing Spreadsheet* at 31.

[157] *Id.*

"settlement-related work" time billed.[158]   Accordingly, SLF may reasonably claim only 0.3 paralegal hours for "settlement-related work."[159]

### 5.   Trial Preparation

SLF claims 1.6 paralegal hours for "trial preparation."[160]   The Court excludes 0.7 hours that are accompanied by redacted descriptions.[161]   Additionally, 0.2 hours are excluded because they are accounted for with a vague description.[162]   After a careful review of the time entries, the Court finds that the remaining 0.7 paralegal hours for "trial preparation" can reasonably be included in the lodestar calculation.

### E.   Law Clerk

SLF claims 4.1 law clerk hours for work on this case.   Defendants argue that only 3.8 law clerk hours were reasonably expended.[163]   For the reasons that follow, the Court concludes that 3.3 law clerk hours can reasonably be included in the lodestar calculation.[164]   Although this figure is 0.5 hours lower than what Defendants accept as reasonable, it is ultimately the Court that is responsible for ensuring a reasonable fee for time expended.

### 1.   Case Management

SLF claims 0.9 law clerk hours for "case management," all of which was spent on preparing

---

[158] *See supra* p. 19.

[159] The Court rounds up from 0.25 hours to 0.3 hours.

[160] *Billing Spreadsheet* at 26–27.

[161] *Id.* at 26.

[162] The vague entry is for "[p]reparation and drafting of witness subpoena" on October 27, 2021.  *Id.* at 27.  The description does not include what witness the paralegal drafted a subpoena for.  Without that information, the Court cannot assess the reasonableness of the entry.

[163] Defs.' Resp. to Pls.' Mot. for Costs and Att'ys' Fees (Doc. 74) at 7.

[164] This includes 0.9 hours for case management; 1.1 hours for discovery-related work; and 1.3 hours for trial preparation.

and drafting the Rule 26(f) Report.[165]  The Rule 26(f) Report is a necessary part of litigation and less than an hour is a reasonable amount of time for a law clerk to spend drafting it.  Accordingly, the Court finds that all 0.9 hours can reasonably be included in the lodestar calculation.

### 2.  Client Communication

SLF claims 0.3 law clerk hours for "client communication."[166]  These hours are excluded because they are accompanied by vague descriptions.[167]  Accordingly, no law clerk "client communication" time can reasonably be included in the lodestar calculation.

### 3.  Discovery-Related Work

SLF claims 1.6 law clerk hours for "discovery-related work," which includes drafting initial disclosures and discovery requests.[168]  As previously discussed, the Court imposes a 1/3 reduction on SLF's time claimed for "discovery-related work" to account for excessive billing.[169]  Accordingly, SLF may reasonably claim only 1.1 law clerk hours for this category.[170]

### 4.  Trial Preparation

SLF claims 1.3 law clerk hours for "trial preparation."[171]  This includes time spent reviewing the pleadings and discovery responses in preparation for trial.[172]  After a careful review, the Court finds that this time can reasonably be included in the lodestar calculation.

---

[165] *Billing Spreadsheet* at 7.

[166] *Id.* at 6–7.

[167] *Id.*  For example, the law clerk entry on December 10, 2019, is for "[t]elephone [c]onference(s) with Delfred McLennan re case status."  *Id.* at 6.

[168] *Id.* at 8.

[169] *See supra* pp. 12–13.

[170] The Court rounds up from 1.06 hours to 1.1 hours.

[171] *Billing Spreadsheet* at 29.

[172] *Id.*

## IV.    Lodestar Calculation

Based on the foregoing, the Court concludes that SLF is entitled to $15,587.50 in fees.  The Court reaches that number by multiplying the reasonable hourly rate for each biller by the reasonable time expended by each biller and then adding the totals.[173]   The table below demonstrates these calculations.

| Billed By | Reasonable Rate | Reasonable Time | Reasonable Value |
|---|---|---|---|
| Josh Sanford | $250.00 | 11.6 | $2,900.00 |
| April Rhéaume | $150.00 | 80.6 | $12,090.00 |
| Rebecca Matlock | $150.00 | 2.3 | $345.00 |
| Paralegal | $100.00 | 1.7 | $170.00 |
| Law Clerk | $25.00 | 3.3 | $82.50 |
| Grand Total | | 99.5 | $15,587.50 |

This was an ordinary FLSA case.  The Court finds that $15,587.50 of attorneys' fees is reasonable. No further reduction or enhancement is necessary, even if the *Johnson* factors are considered.  A $15,587.50 attorneys' fee is not so out of proportion to a $13,669.37 settlement recovery to raise red flags under *Johnson* or cases that emphasize the significance of the amount of recovery to a fee determination.[174]

## CONCLUSION

The Court awards SLF $661.15 in costs and $15,587.50 in attorneys' fees.  Plaintiffs' Motion for Costs and Attorneys' Fees is GRANTED in part and DENIED in part.[175]

---

[173] *See supra* Discussion Sections II & III.

[174] The Court recognizes that a contingency fee of 40% would have resulted in a smaller number.  But, especially in low-dollar cases, that is not surprising nor is it a reason on its own to reduce a lodestar calculation total.  Nonetheless, if there is a motion for reconsideration, and if the lodestar increases significantly, the Court may revisit its conclusion that the lodestar is not so out of proportion to the recovery as to raise red flags.

[175] Plaintiffs' request for a hearing is DENIED.  *See* Pls.' Mot. for Costs and Att'ys' Fees & Related Req. for Hr'g (Doc. 72) ¶ 10.  The Court can resolve Plaintiffs' Motion with the benefit of the parties' briefs.  The Court does not see a need for a hearing.  *See Miller v. Dugan*, 764 F.3d 826, 830 (8th Cir. 2014) (holding that the district court was within its discretion to rule on attorneys' fees motion without an evidentiary hearing).

IT IS SO ORDERED this 29th day of March 2023.

_____
LEE P. RUDOFSKY
UNITED STATES DISTRICT JUDGE